# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**NORRIS HUDSON,**

       **Plaintiff,**

v.                                                                                        Case 2:23-cv-02060-TLP-cgc

**LIBERTY MUTUAL PERSONAL**
**INSURANCE COMPANY,**

       **Defendant.**

## ORDER GRANTING MOTION TO EXCLUDE
## EXPERT TESTIMONY OF PLAINTIFF NORRIS HUDSON

      Before the Court, by way of Orders of Reference (D.E. # 23 and 28) are Defendant Liberty Mutual Personal Insurance Company's ("Liberty Mutual") motions to exclude expert opinion testimony of Plaintiff Norris Hudson (D.E. # 17) and to exclude Plaintiff's expert opinion testimony and for other alternative relief under Fed. R. Civ. P. 37 (D.E. # 24) filed October 26, 2023 and December 29, 2023 respectively. Plaintiff filed responses in opposition on October 30, 2023 (D.E. # 19) and January 3, 2024 (D.E. # 25). Based on the motions, responses and the record as a whole, the motions are GRANTED for the reasons as discussed below.

      The instant case arises from property damage sustained to Plaintiff's residence on or about February 2, 2022. Plaintiff was insured by Defendant and he submitted a claim for the damages pursuant to the policy. Plaintiff filed suit alleging breach of contract and other causes of action against Defendant. Defendant responds that it has paid the appropriate amount under the policy and that Plaintiff is not due any further sums. Relevant to these motions, Plaintiff proposes to offer expert testimony regarding the cause of damages to his roof and the interior of the residence and

whether replacement shingles match Plaintiff's existing roofing shingles. Defendant argues in its motions that the expert disclosure tendered by Plaintiff does not comply with the requirements of Fed. R. Civ. P. 26(a)(2) and should be excluded. Plaintiff responds that since he was not retained or specially employed to provide expert testimony for this case and that he does not regularly give expert testimony he is not required to provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). Further, Plaintiff states that he has disclosed and stated the subject matter on which he is expected to testify pursuant to Fed. R. Civ. P. 26(a)(2)(C).

On November 27, 2023, Defendant took the expert witness deposition of Plaintiff. (D.E. # 24-1) and Defendant filed a second motion to exclude Plaintiff's expert opinion on November 29, 2023. (D.E. #24). The second motion reiterates the arguments made in the first motion and adds as grounds that Plaintiff is not qualified as he has not received any specialized training and that "his testimony rests on speculation and subjective beliefs and is not the product of adequate testing." (D.E. # 24, PageID 160) Further, Defendant argues that because of Plaintiff's personal and financial stake in the outcome of the case his testimony would be biased and would prejudice Defendant. (D.E. # 24, PageID 161) In his response, Plaintiff argues that the sole disagreement between the parties remains whether or not the Plaintiff must produce a written report if he is testifying as his own expert witness. (D.E. # 25, PageID 326)

Fed. R. Civ. P. 26(a)(2)(B) provides the requirements for an expert report where the witness "is retained or specially employed to provide expert testimony in the case…". The report must be written, prepared and signed by the witness and must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;

2

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

When an expert is not employed to provide expert testimony in the case and is not required to provide a report, the expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C) is required to provide:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify

The initial question is whether the expert disclosure provided at docket entry 17-1 is compliant with Rule 26. It is clear from the record that Plaintiff has not been retained or specially employed to provide expert testimony in this case nor do his duties regularly involve him giving expert testimony therefore he is not required to provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B). Turning to Fed. R. Civ. P. 26(a)(2)(C), while the disclosure does provide the subject matter on which Plaintiff expected to present evidence, it does not provide a summary of the facts and opinions to which Plaintiff expected to testify.

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The failure in this case is neither substantially justified nor harmless. Further, there is no accommodation in the rule that allows the disclosure to be supplemented by deposition

3

testimony. The motions are GRANTED and Plaintiff's proffered expert testimony is EXCLUDED.

**IT IS SO ORDERED** this 22nd day of April, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
